SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
BRADLEY J. LEIMKUHLER, Cal. Bar No. 261024
bleimkuhler@sheppardmullin.com
650 Town Center Drive, 10th Floor
Costa Mesa, California 92626-1993
Telephone:  714.513.5100
Facsimile:  714.513.5130

Attorneys for Defendants,
ONE WESTSIDE, LLC and
WESTSIDE TAVERN PARTNERS, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| Shonna Counter,<br><br>        Plaintiff,<br><br>     v.<br><br>One Westside, LLC, a Delaware Limited Liability Company; Westside Tavern Partners, LLC, a Delaware Limited Liability Company; and Does 1-10,<br><br>        Defendants. | Case No. 2:19-cv-00817-RGK<br>Honorable R. Gary Klausner<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date:   May 4, 2020<br>Hearing Time:  9:00 a.m.<br>Courtroom:    850<br><br><br>Action Filed:  February 4, 2019<br>Trial Date:    June 16. 2020 |

# **<u>TABLE OF CONTENTS</u>**

**<u>Page</u>**

I. INTRODUCTION ...................................................................................... 1

II. FACTUAL BACKGROUND ................................................................... 1

III. ARGUMENT ............................................................................................ 1

    A. Plaintiff's Claims Are Limited To Those In The Complaint. ............... 1

    B. Plaintiff's *Prima Facie* Case. ............................................................... 2

    C. All of Plaintiff's Claims Are Moot. ..................................................... 3

        1. Legal Standard. ............................................................................ 3

        2. Coat Hook .................................................................................... 4

        3. Trash Can In The Water Closet .................................................. 4

        4. Mirror In Women's Restroom. .................................................... 5

        5. Disposable Seat Cover ................................................................ 5

        6. Knee Clearance ............................................................................ 6

        7. Movable Trash Can In Women's Restroom. ............................... 6

    D. Plaintiff's State-Law Claim For Damages Fails Because She Cannot Show That She Encountered Any Violations That Caused Her Difficulty, Discomfort, Or Embarrassment. ..................................... 6

    E. To The Extent The Court Does Not Dismiss Plaintiff's State-Law Claim With Prejudice, Then The Court Should Decline Supplemental Jurisdiction Over It. ...................................................... 7

        1. Dismissal Of Plaintiff's ADA Claim Warrants Dismissal Of Her State-Law Claims. ......................................................... 8

        2. Plaintiff's State-Law Claims Raise Novel And Complex Issues Of State Law. ................................................................ 10

        3. Plaintiff's State-Law Claims Substantially Predominate Over His ADA Claim. ............................................................... 12

IV. CONCLUSION ...................................................................................... 13

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

## <u>Cases</u>

4 | *Acri v. Varian Assoc's, Inc.*
5 |    114 F.3d 999 (9th Cir. 1996) ................................................................................. 8

6 | *Brother v. CPL Invts., Inc.*
7 |    317 F. Supp. 2d 1358 (S.D. Fla. 2004) ................................................................ 4

8 | *Carnegie-Mellon Univ. v. Cohill*
   484 U.S. 343 ( 1988) ......................................................................................... 8

9 | *Clark v. City of Lakewood*
10 |    259 F.3d 996 (9th Cir. 2001) .......................................................................... 3

11 | *Feezor v. Excel Stockton*
12 |    2013 WL 2485623 (E.D. Cal. June 10, 2013) ............................................... 5

13 | *Gasper v. Marie Callender Pie Shops*
14 |    2006 U.S. Dist. LEXIS 96929 (C.D. Cal. 2006) ......................................... 3

15 | *Grove v. De La Cruz*
16 |    407 F. Supp. 2d 1126 (C.D. Cal. 2005) ....................................................... 4

17 | *Grutman v. The Regents of the University of California*
18 |    807 F.Supp.2d 861 (N.D. Cal. 2011 ) ......................................................... 10, 11

19 | *Gunther v. Lin*
20 |    144 Cal.App.4th 223 (2006) ......................................................................... 12

21 | *Harris v. Stonecrest Care Auto Ctr., LLC*
   472 F.Supp.2d 1208 (S.D. Cal. 2007) .......................................................... 9

22 | *Jankey v. Beach Hut*
23 |    2005 WL 5517235 (C.D. Cal. 2005) ........................................................... 12

24 | *Johnson v. Starbucks Corp.*
25 |    2015 WL 877493 (N.D. Cal. Feb. 27, 2015) ............................................... 5

26 | *Kemper v. Sacramento Radiology Medical Group*
27 |    2007 WL 2481938 (E.D. Cal. 2007) ........................................................... 10

28

*Kirola v. City & Cnty. of San Francisco*
    2014 WL 6705952 (N.D. Cal., Nov. 26, 2014) ......................................................5

*Martinez v. Longs Drug Stores Corp.*
    281 Fed.Appx. 712, 2008 WL 2329712 (9th Cir. Jun. 5, 2008) ...........................4

*Medical Society of New Jersey v. Herr*
    191 F. Supp. 2d 574 (D.N.J. 2002)........................................................................3

*Molski v. EOS Estate Winery*
    2005 WL 3952249 (C.D. Cal. 2005) ............................................................12, 13

*Molski v. Hitching Post I Rest., Inc.*
    2005 WL 3952248 (C.D. Cal. 2005) ............................................................12, 13

*Molski v. Kahn Winery*
    381 F.Supp.2d 1209 (C.D. Cal. 2005) .................................................................12

*Molski v. Mandarin Touch Rest.*
    347 F.Supp.2d 860 (C.D. Cal. 2004) ...................................................................12

*Molski v. Mandarin Touch Restaurants*
    359 F.Supp.2d 924 (C.D. Cal. 2005) ...................................................................12

*Mundy v. Pro-Thro Enterprises*
    192 Cal.App.4th Supp. 1 (2011)............................................................................3

*Oliver v. Ralphs Grocery Co.*
    654 F.3d 903 (9th Cir. 2011) .....................................................................1, 9, 10

*Parr v. L&L Drive-Inn Restaurant*
    96 F. Supp. 2d 1065 (D. Haw. 2000) ...............................................................3, 4

*Pickern v. Best Western Timber Cove Lodge Marina Resort*
    194 F. Supp. 2d 1128 (E.D. Cal. 2002) ................................................................4

*Pinnock v. Safino Designs, Inc.*
    2007 WL 2462107 (S.D. Cal. 2007) ...................................................................13

*Renne v. Geary*
    501 U.S. 312 (1991) ..............................................................................................3

*Reycraft v. Lee*
    177 Cal.App.4th 1211 (2009) ...............................................................................3

*Rodriguez v. Ralphs Grocery Company*
    2009 WL 1101550 (9th Cir. 2009) ........................................................ 9

*Rush v. Castle & Cooke Corona, Inc.*
    2011 WL 13109296 (C.D. Cal. Nov. 10, 2011) .................................... 5

*Sanford v. Del Taco*
    2006 WL 1310318 (E. D. Cal. 2006) .................................................. 12

*Sharp v. Islands Restaurant–Carlsbad*
    900 F.Supp.2d 1114 (S.D. Cal.2012) .................................................. 5

*Singletary v. The Brick Oven Rest.*
    406 F.Supp.2d 1120 (S.D. Cal. 2005) ................................................ 13

*Skaff v. Meridian North America Beverly Hills, LLC*
    506 F.3d 832 (9th Cir. 2007) ............................................................... 7

*Tanner v. Wal-mart Stores, Inc.*
    2000 U.S. Dist. LEXIS 1444 (New Hampshire 2000) ......................... 7

*Troiano v. Supervisor of Elections in Palm Beach County*
    382 F.3d 1276 (11th Cir. 2004) ........................................................... 4

*Wentzka v. Gellman*
    991 F.2d 423 (7th Cir. 1993) ............................................................... 8

*West v. Secretary of Dept. of Transp.*
    206 F.3d 920 (9th Cir. 2000) ............................................................... 3

*Whitaker v. Cuscatleca, Inc.*
    2019 WL 7877348 (C.D. Cal. Dec. 9, 2019) (Klausner, J.) ............... 12

*Wilson v. Costco Wholesale Corporation*
    426 F.Supp.2d 1115 (S.D. Cal. 2006) ................................................ 9

*Wilson v. PFS*
    2007 WL 2429391 (S.D. Cal. 2007) ................................................... 4

<u>Statutes</u>

28 U.S.C. § 1367(c) ................................................................................ 7, 8

28 U.S.C. § 1367(c)(2) ............................................................................ 13

28 U.S.C. § 1367(c)(3) ................................................................ 10

Americans With Disabilities Act ("ADA") ........................................ *passim*

California Unruh Civil Rights Act ................................................. *passim*

California Unruh Civil Rights Act ................................................... 10

Civil Code §§ 52 and 54.3 ........................................................ 11

Civil Code § 55.56. ............................................................. 6, 11

Other Authorities

F.R.C.P. 8 .......................................................................... 2

SMRH:4838-6162-8343.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Plaintiff Shonna Counter ("Plaintiff") has brought this lawsuit against Defendants One Westside, LLC and Westside Tavern Partners, LLC ("Defendants") ("Defendants") alleging that the Westside Tavern located at 10850 W. Pico Blvd., Los Angeles, California (the, "Tavern") contains architectural barriers in violation of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act ("Unruh Act").  In particular, Plaintiff alleges that the women's restroom was inaccessible to her.

As explained below, Plaintiff's ADA (and parallel Unruh Act) claims for injunctive relief are moot because all alleged violations presently meet current construction standards.  Second, Plaintiff's Unruh Act claim for statutory damages fails because she cannot show that she personally encountered a violation that caused her difficulty, discomfort, or embarrassment.  Finally, to the extent the Court does not dismiss Plaintiff's state-law claim with prejudice, then the Court should decline supplemental jurisdiction over it.

## II.      FACTUAL BACKGROUND

Plaintiff is a professional litigant who has filed at least 47 ADA lawsuits.  In this lawsuit, Plaintiff alleges that the Tavern violates the ADA and Unruh Act because (1) a coat hook in the women's restroom was mounted too high, (2) a movable trash can was placed in the accessible water closet, (3) the restroom mirror in the women's restroom was mounted too high, (4) the disposable seat cover was mounted in the wrong location, (5) the restroom sink did not provide knee clearance, and (6) movable trash cans inside the women's restroom reduced the path of travel to less than 36 inches.  [SUMF 1] (Complaint ¶ 13-21).

## III.      ARGUMENT

### A.      Plaintiff's Claims Are Limited To Those In The Complaint.

In *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903 (9th Cir. 2011), the Ninth

Circuit confirmed that a plaintiff must identify all alleged access barriers in his complaint in order to give the defendant fair notice under F.R.C.P. 8. There, the plaintiff attempted to hide the injunctive relief he was seeking to increase the nuisance value of his lawsuit and to prevent the defendant from actually remedying the barriers and mooting his claims at summary judgment. The plaintiff identified some barriers in his complaint, others in a proposed amended complaint, others in an ENE statement, and still others in his expert report. The Ninth Circuit chastised the plaintiff for his sharp tactics and adopted a bright-line rule that all barriers must be identified in the complaint:

> "Plaintiff's counsel later explained that his delays in identifying the barriers at the facility were part of his legal strategy: he purposefully 'forces the defense to wait until expert disclosures (or discovery) before revealing a complete list of barriers,' because otherwise a defendant could remove all the barriers prior to trial and moot the entire case…[F]or purposes of Rule 8, a plaintiff must identify the barriers that constitute the grounds for a claim of discrimination under the ADA in the complaint itself; a defendant is not deemed to have fair notice of barriers identified elsewhere."

*Id*. at fn. 7, 909.

## B. Plaintiff's *Prima Facie* Case.

In order to establish a *prima facie* case for injunctive relief, Plaintiff must show that: (1) Plaintiff is a qualified individual with a disability; (2) Defendant owned, leased, or operated a place of public accommodation; (3) the place of public accommodation was in violation of one or more construction-related accessibility standards; and (4) the violations denied Plaintiff full and equal access to the place of public accommodation. In order to be entitled to statutory damages under state law, Plaintiff must also show that: (5) the violation was personally encountered by

1  Plaintiff on a particular occasion and (6) Plaintiff experienced difficulty, discomfort

2  or embarrassment due to the violation.  Finally, Plaintiff must also prove that the

3  discrimination was intentional under the Unruh Act unless premised upon a

4  violation of the ADA.  *See, e.g., Mundy v. Pro-Thro Enterprises*, 192 Cal.App.4th

5  Supp. 1 (2011); *Reycraft v. Lee*, 177 Cal.App.4th 1211 (2009).

6       **C.**    **All of Plaintiff's Claims Are Moot.**

7            **1.**    **Legal Standard.**

8        Mootness is a jurisdictional defect that can be raised at any time by the parties

9  or the court *sua sponte*."  *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065,

10  1087 (D. Haw. 2000).  A case is moot "when the issues presented are no longer

11  'live' or the parties lack a legally cognizable interest in the outcome."  *Clark v. City*

12  *of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001).  "The question is whether there

13  can be any effective relief."  *West v. Secretary of Dept. of Transp.*, 206 F.3d 920,

14  925 (9th Cir. 2000).  "Past exposure to illegal conduct does not in itself show a

15  present case or controversy . . . if unaccompanied by any continuing, present

16  adverse effects."  *Renne v. Geary*, 501 U.S. 312, 320-21 (1991).  "This requisite

17  ensures that the courts are able to grant effective relief, rather than rendering

18  advisory opinions."  *Medical Society of New Jersey v. Herr*, 191 F. Supp. 2d 574,

19  581 (D.N.J. 2002).

20        It is well-established that a defendant's remedial efforts will render a

21  plaintiff's access claims for injunctive relief moot:

22            "The only remedy available for a violation of the Americans

23            with Disabilities Act under a private right of action is injunctive

24            relief.  Accordingly, if no ADA violations exist at the time the

25            court is asked to provide injunctive relief, the ADA claim is

26            moot because there is no basis for relief and there is nothing for

27            the court to order the facility to change."

28  *Gasper v. Marie Callender Pie Shops*, 2006 U.S. Dist. LEXIS 96929, *4 (C.D. Cal.

2006).

For these reasons, courts routinely dismiss access claims as moot when defendants modify noncompliant items.  *See*, *e.g.*, *Brother v. CPL Invts., Inc.*, 317 F. Supp. 2d 1358 (S.D. Fla. 2004) (holding that the defendant's modifications to the hotel rendered the plaintiffs' barrier claims moot); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1131 (C.D. Cal. 2005) (holding that the defendants' modifications to the restroom rendered the plaintiff's access claims moot); *Martinez v. Longs Drug Stores Corp.*, 281 Fed.Appx. 712, *714, 2008 WL 2329712, *1 (9th Cir. Jun. 5, 2008) (upholding district court's dismissal of access claims as moot because the defendant had remedied all barriers); *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) ("Plaintiff concedes, as she must, that defendants' latest remedial efforts have rendered her ADA claim for injunctive relief moot."); *Wilson v. PFS*, 2007 WL 2429391, **1-2 (S.D. Cal. 2007) (holding that the defendant's modifications to its restaurant rendered the plaintiff's access claims moot); *Parr v. L&L Drive-Inn Restaurant*, 96 F. Supp. 2d 1065, 1087 (D. Haw. 2000) (dismissing plaintiff's access claims as moot because alleged violations had been corrected); *Troiano v. Supervisor of Elections in Palm Beach County*, 382 F.3d 1276, 1286 (11th Cir. 2004) (holding that defendant county's voluntary installation of audio devices in all voting precincts rendered the access class action by visually-impaired registered voters moot).

As discussed below,

## 2. <u>Coat Hook</u>

Plaintiff alleges that the coat hook in the women's restroom is mounted too high.  Plaintiff is wrong.  The reach ranges under the ADA and Unruh Act are 48 inches maximum.  *See* 2010 ADA §§ 308.2 and 308.3 and 2016 CBC 11B-308.2 and 11B-308.3).  Here, the coat hook in the women's restroom is mounted a maximum of 48 inches above the floor.  [SUF 2].

## 3. <u>Trash Can In The Water Closet</u>

Plaintiff alleges that there was insufficient clear floor space on the transfer side of the toilet because a waste basket was kept there acting as an obstruction that reduced the clear floor space.  Plaintiff is wrong.  There is no waste basket on the transfer side of the toilet.  [SUF 3].  In addition, this claim is not actionable because "the ADA applies to architectural barriers, not temporary or removable obstructions."  *Johnson v. Starbucks Corp.*, 2015 WL 877493, *4 (N.D. Cal. Feb. 27, 2015) (granting defense motion for summary judgment on issue of movable chairs allegedly obstructing path of travel); *Kirola v. City & Cnty. of San Francisco,* 2014 WL 6705952 at *41 (N.D. Cal., Nov. 26, 2014) (concluding that errant stepstools temporarily misplaced by library patrons are not architectural barriers that prevented the plaintiff from meaningful access to the library); *Sharp v. Islands Restaurant–Carlsbad,* 900 F.Supp.2d 1114, 1127 (S.D. Cal.2012) (concluding that misplaced chairs blocking a path of travel were not architectural barriers under the ADA); *see also Rush v. Castle & Cooke Corona, Inc.*, 2011 WL 13109296, *7 (C.D. Cal. Nov. 10, 2011) (isolated instance of placement of an object in an accessible route is not a violation if the object is promptly removed).

### 4. <u>Mirror In Women's Restroom.</u>

Plaintiff alleges that the mirror in the women's restroom is mounted too high. Plaintiff is wrong.  The ADA and Unruh Act both provide that the bottom reflective edge of a mirror located above a lavatory must be mounted no more than 40 inches above the floor.  *See* CA T24 11B-603.3 and ADA 603.3.  Here, the bottom reflective edge of the mirror is no more than 40 inches above the floor. [SUF 4].

### 5. <u>Disposable Seat Cover</u>

Plaintiff alleges that the disposable seat cover in the women's restroom is mounted incorrectly behind the toilet.  Plaintiff is wrong.  The seat cover dispenser is mounted no more than 48 inches above the ground and there is clear space in front of the seat dispenser.  [SUF 5].  This complies with the ADA.  *See Feezor v. Excel Stockton*, 2013 WL 2485623, *5 (E.D. Cal. June 10, 2013).

6. **Knee Clearance**

Plaintiff alleges that the sink in the women's restroom does not provide sufficient knee clearance. Plaintiff is wrong. Knee clearance underneath the sink is 27 inches high minimum above the floor at a depth of 8inches and at least 29 inches minimum above the floor at the front edge of the sink. [SUF 6]. This complies with current standards under the ADA and the California Building Code. *See* ADA 306.3.3 and CA T24 11B-306.3.3 (EXC.1).

7. **Movable Trash Can In Women's Restroom.**

Plaintiff alleges that movable trash cans in the women's restroom reduced the path of travel to less than 36 inches in width. Plaintiff is wrong. Movable trash cans inside the restroom are placed so that the path of travel is at least 36 inches in width. [SUF 7] It is possible that, from time to time, customers move the trash cans. However, staff is trained to move the trash cans to ensure a path of travel at least 36 inches wide is provided. [SUF 8]. Additionally, even if the trash can did make the path of travel less than 36 inches wide, it is still permissible for the clear width to be reduced to 32 inches minimum for a length of 24 inches maximum. *See* ADA 403.5.1 (EXC.) and CA T24 11B-403.5.1 (EXC. 1). Therefore, Plaintiff cannot establish a violation even if a trash can did reduce the clear width along the path of travel to less than 36 inches (up to 32 inches) if the reduced width area was less than two feet long. Moreover, for the reasons stated above, movable obstructions (such as trash cans) are not a violation of the ADA.

Thus, all of Plaintiff's claims are moot and her ADA claim must be dismissed.

D. **Plaintiff's State-Law Claim For Damages Fails Because She Cannot Show That She Encountered Any Violations That Caused Her Difficulty, Discomfort, Or Embarrassment.**

In order to be entitled to statutory damages under California law, a plaintiff must show, among other things, that he personally encountered a violation that caused her "difficulty, discomfort, or embarrassment." Cal. Civ. Code §55.56.

1  Mere technical, trivial, or de minimis violations are insufficient to support an award

2  of damages. *See, e.g., Tanner v. Wal-mart Stores, Inc.*, 2000 U.S. Dist. LEXIS 1444

3  (New Hampshire 2000) (store's failure to remove shopping cart obstruction and ice

4  from sole accessible parking space was not actionable violation); *Skaff v. Meridian*

5  *North America Beverly Hills, LLC*, 506 F.3d 832 (9th Cir. 2007) (holding that "the

6  law does not care about trifles" and that mere one-hour delay in providing accessible

7  room to disabled patron and overnight delay in providing an accessible shower chair

8  did not state viable claims for damages under the Unruh Act).

9      In this case, Plaintiff cannot establish that she suffered any "difficulty,

10  discomfort or embarrassment" as a result of the alleged technical violations.  In

11  discovery, Plaintiff was asked to describe how the alleged barriers affected her so as

12  to deny her access.  Plaintiff simply nonsensically stated that she "encountered

13  restroom and path of travel to restroom."  [SUF 9].  Merely encountering the alleged

14  issues does not give rise to a claim for damages.  Most likely, Plaintiff does not

15  describe how these alleged issues affected her because they simply did not cause her

16  any difficulty whatsoever – she is a serial plaintiff who hunts access violations as

17  evidenced by her 47 lawsuits.

18      Additionally, Defendants' employees at the Tavern were willing and able to

19  assist Plaintiff overcome any accessibility issues such as relocating any movable

20  trash cans that may have inadvertently reduced the path of travel inside the

21  restroom.  [SUF 10].  Therefore, Plaintiff cannot establish she is entitled to any

22  damages.

23      **E.    To The Extent The Court Does Not Dismiss Plaintiff's State-Law Claim With Prejudice, Then The Court Should Decline Supplemental Jurisdiction Over It.**

25      To the extent the Court does not dismiss Plaintiff's state-law claim with

26  prejudice, then the Court should decline supplementary jurisdiction over it.  Under

27  28 U.S.C. § 1367(c), courts may properly exercise their discretion to decline

28  supplemental jurisdiction if *any* of four statutory grounds exist:

1    "(1) the claim raises a novel or complex issue of State law,

2    (2) the claim substantially predominates over the claim or

3    claims over which the district court has original jurisdiction,

4    (3) the district court has dismissed all claims over which it has

5    original jurisdiction, or

6    (4) in exceptional circumstances, there are other compelling

7    reasons for declining jurisdiction."

8    28 U.S.C. § 1367(c).

9    As explained below, in this case, three of the four statutory grounds exist

10   for declining supplemental jurisdiction.

11   **1.    Dismissal Of Plaintiff's ADA Claim Warrants Dismissal Of**

12   **Her State-Law Claims.**

13   As the Supreme Court has instructed, once the federal claims are dismissed,

14   courts should decline supplemental jurisdiction over related state-law claims:

15   "[I]n the usual case in which all federal-law claims are

16   eliminated before trial, the balance of factors to be considered

17   under the pendent jurisdiction doctrine judicial economy,

18   convenience, fairness, and comity will point toward declining

19   to exercise jurisdiction over the remaining state-law claims."

20   *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 ( 1988); *Wentzka v.*

21   *Gellman*, 991 F.2d 423, 425 (7th Cir. 1993) ("[W]e said quite clearly that, where

22   a federal claim drops out before trial a district court should not retain the state

23   law claims absent extraordinary circumstances"); *Acri v. Varian Assoc's, Inc.*,

24   114 F.3d 999, 1001 (9th Cir. 1996) ("The Supreme Court has stated, and we

25   have often repeated, that 'in the usual case in which all federal-law claims are

26   eliminated before trial, the balance of factors … will point toward declining to

27   exercise jurisdiction over the remaining state-law claims'").

28

-8-

1      In ADA barrier cases, courts properly and routinely decline supplemental

2  jurisdiction over related state-law access claims once the ADA cause of action

3  has been dismissed. *See, e.g., Wilson v. Costco Wholesale Corporation,* 426

4  F.Supp.2d 1115, 1124 (S.D. Cal. 2006) ("Because the Court has dismissed all

5  claims over which it has original jurisdiction in this matter, the Court will

6  decline to exercise supplemental jurisdiction over Plaintiffs' remaining state

7  law claims"); *Harris v. Stonecrest Care Auto Ctr., LLC,* 472 F.Supp.2d 1208,

8  1220 (S.D. Cal. 2007) (same).

9      For example, in *Rodriguez v. Ralphs Grocery Company,* 2009 WL 1101550

10  (9th Cir. 2009), the Ninth Circuit stated that "if the federal claim is dismissed for

11  lack of subject matter jurisdiction, a district court has no discretion to retain the

12  supplemental claims for adjudication, and must dismiss the state law claims

13  without prejudice." *Id.* at 2.

14      Likewise, in *Oliver v. Ralphs Grocery Company*, 654 F.3d 903 (9th Cir.

15  2011), the Ninth Circuit upheld the district court decision to decline supplemental

16  jurisdiction over the plaintiff's state-law access claims once his ADA claim had

17  been dismissed:

18          "We finally turn to [Plaintiff's] argument that the district

19          court erred in declining to exercise supplemental jurisdiction

20          over his state law claims. By granting summary judgment to

21          Ralphs and Cypress Creek on [Plaintiff']'s ADA claim, the

22          district court, properly disposed of all claims over which it

23          had original jurisdiction. Because the balance of the factors

24          of judicial economy, convenience, fairness, and comity did

25          not tip in favor of retaining the state law claims after the

26          dismissal of the ADA claim, *San-ford v. MemberWorks, Inc.,*

27          625 F.3d 550, 561 (9th Cir. 2010)…the district court did not

28

-9-

1 |           abuse  its discretion in dismissing [Plaintiff]'s state law

2 |           claims without  prejudice."

3 | *Id.* at 911.

4      The  reasoning behind these  cases is that dismissing  the state-law claims

5 promotes the values of comity and fairness.  *See, e.g., Kemper v. Sacramento*

6 *Radiology Medical Group,* 2007 WL 2481938, *6 (E.D. Cal. 2007) ("The

7 *Gibbs* values of comity and fairness do not weigh in favor of the federal court

8 deciding Plaintiffs' state  disability and damage claims.  Accordingly, the court

9 declines to continue exercising supplemental jurisdiction over  Plaintiffs'

10 remaining state law claims and therefore these  are dismissed under 28 U.S.C.

11 §1367(c)(3)"); *Oliver v. Ralphs Grocery Company,* 654 F.3d 903, 911 (9th Cir.

12 2011) (same).

13           **2.**     **Plaintiff's State-Law Claims Raise Novel And Complex**

14                **Issues Of State Law.**

15      Courts  have  recognized that claims under the Unruh Act raise novel and

16 complex issues of state law, providing another basis to decline supplemental

17 jurisdiction.  For example, in *Grutman v. The Regents of the University of*

18 *California,* 807 F.Supp.2d  861 (N.D. Cal. 2011 ), the court explained that the

19 way in which damages are calculated presents novel  and complex issues of state

20 law:

21 |           "Here, the Court declines  to exercise  supplemental

22 |           jurisdiction because Plaintiffs claim  raises novel and

23 |           difficult  questions of state  law, the resolution of which will

24 |           have  signification implications for enforcement of the

25 |           [California Unruh Civil Rights Act].  In particular, the results

26 |           of this and similar  litigation will be dramatically different

27 |           depending on whose interpretation of Section 52(a) the Court

28 |           adopts…neither the case  law nor the legislative  history

1           offered  by Defendant as to the 2008 amendment require that

2           the Court find that a plaintiff who encounters architectural

3           barriers  on a daily basis in her residence should  be treated

4           differently from plaintiffs who encounter architectural

5           barriers, over a series of visits, to other types of business

6           establishments.  The court notes also that the tension

7           between *Doran* and *Botosan* as to whether daily damages are

8           available under Section 52 is salient in this case … under these

9           circumstances, the Court concludes that this is a matter of

10          state law that is better left to the California courts to decide."

11 *Id.* at 870.

12      L i k e w i s e, the SB 1186 amendments to Plaintiff's state-law claims

13 also present novel and complex issues regarding how damages are calculated.

14 These amendments were adopted to "address the misuse of Sections 52 and

15 54.3 of the Civil Code by a small minority of disability rights lawyers and

16 plaintiffs…[who] stack[ ] multiple claims for the same construction-related

17 accessibility violation on different occasions…to substantially increase the

18 purported statutory liability of a defendant in order to intimidate and pressure

19 the defendant into making a quick monetary settlement."  Civil Code § 55.56,

20 2012 Note.  Under these amendments, "a plaintiff's conduct must have a

21 reasonable explanation for the asserted need for multiple visits to a site where

22 known barrier violations would deny full and equal access, in light of the

23 obligation to mitigate damages."  (Id.).

24      Additionally, California's restrictions on high-frequency ADA litigants,

25 such as Plaintiff, provides an additional basis for the Court to dismiss

26 Plaintiff's state-law claims for damages.  As this Court has explained:

27           By filing these actions in federal court, plaintiff has evaded these

28           limits and sought a forum in which plaintiff can claim these state

1  law damages in a manner inconsistent with the state law's

2  requirements. This situation, and the burden the ever-increasing

3  number of such cases poses to the federal courts, presents

4  "exceptional circumstances" and "compelling reasons" that

5  justify the Court's discretion to decline to exercise supplemental

6  jurisdiction over plaintiff's Unruh Act claim in this action under

7  28 U.S.C. § 1367(c)(4).

8  *Whitaker v. Cuscatleca, Inc.*, 2019 WL 7877348, *4 (C.D. Cal. Dec. 9, 2019)

9  (Klausner, J.).

10       Numerous district courts have recognized that such unresolved state-law

11  issues are a proper basis to decline to exercise supplemental jurisdiction. *See,*

12  *e.g., Molski v. EOS Estate Winery,* 2005 WL 3952249 (C.D. Cal. 2005); *Jankey*

13  *v. Beach Hut,* 2005 WL 5517235 (C.D. Cal. 2005); *Molski v. Hitching Post I*

14  *Rest., Inc.,* 2005 WL 3952248 (C.D. Cal. 2005); *Molski v. Mandarin Touch*

15  *Restaurants,* 359 F.Supp.2d 924 (C.D. Cal. 2005); *Molski v. Kahn Winery,* 381

16  F.Supp.2d 1209 (C.D. Cal. 2005); *Sanford v. Del Taco,* 2006 WL 1310318 (E.D.

17  Cal. 2006).

18       **3.**    **Plaintiff's State-Law Claims Substantially Predominate Over**

19             **His ADA Claim.**

20       Likewise, courts have recognized that a plaintiff's state-law claims for

21  monetary damages substantially predominate over his claim for injunctive

22  relief under the ADA, providing yet another ground for declining supplemental

23  jurisdiction. "State law claims have become the tails that wag the dog of federal

24  ADA litigation." *Gunther v. Lin,* 144 Cal.App.4th 223, 256 (2006).

25  "[E]nterprising plaintiffs (and their attorneys) have found a way to circumvent

26  the will of Congress by seeking money damages while retaining federal

27  jurisdiction." *Molski v. Mandarin Touch Rest.,* 347 F.Supp.2d 860, 862-63

28  (C.D. Cal. 2004).  As explained by one district court:

1      "While Plaintiff has pleaded a federal claim as a
2      jurisdictional hook to maintain the action in federal court, the
3      case centers on Plaintiff's claim for damages which are
4      recoverable only under the state law claims…Even though
5      Plaintiffs have submitted a notice of voluntary limitation of
6      damages, seeking only an award of $4,000 to Molski and
7      $1,000 to [co-plaintiff that is an association], it is still clear
8      that the claim for damages is the predominant focus of this
9      lawsuit. Further, since the state law claims provide for
10     injunctive relief, the federal claim adds nothing to the
11     lawsuit that could not be obtained in Superior Court.
12     Accordingly, Plaintiffs' state law claims substantially
13     predominate over the federal ADA claim.

14  *Molski v. EOS Estate Winery,* 2005 WL 3952249, *4 (C.D. Cal. 2005).

15     For these reasons, courts routinely decline to exercise supplemental
16  jurisdiction. *See, e.g., Pinnock v. Safino Designs, Inc.,* 2007 WL 2462107, *4
17  (S.D. Cal. 2007) ("Given the disparity in terms of comprehensiveness of the
18  remedy sought, state law claims substantially predominate over the ADA for
19  purposes of 28 U.S.C. § 1367(c)(2)"); *Molski v. EOS Estate Winery,* 2005 WL
20  3952249, *4 (C.D. Cal. 2005); *Molski v. Hitching Post I Rest., Inc.,* 2005 WL
21  3952248, *4 (C.D. Cal. 2005); *Singletary v. The Brick Oven Rest.,* 406 F.Supp.2d
22  1120, 1130-31 (S.D. Cal. 2005).

23     In sum, to the extent the Court does not dismiss Plaintiff's Unruh Act claim
24  with prejudice, then the Court should decline supplemental jurisdiction over it.

25  **IV.**  **CONCLUSION**

26     For all of the foregoing reasons, Defendant respectfully requests that the
27  Court grant its Motion for Summary Judgment.

28

1

2  Dated:  April 1, 2020

3  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

4

5  By        _____/s/ Gregory F. Hurley_____

6  GREGORY F. HURLEY

7  Attorneys for Defendants,

8  ONE WESTSIDE, LLC and
   WESTSIDE TAVERN PARTNERS, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:19-cv-00817-RGK
MEMO ISO MOTION FOR SUMMARY JUDGMENT